UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 08-132-P-H |
| | ) | |
| LEROY GENTLES, | ) | |
| | ) | |
| DEFENDANT | ) | |

**ORDER ON DEFENDANT'S MOTION TO REDUCE SENTENCE
AND MOTION TO APPOINT COUNSEL**

Leroy Gentles was sentenced on March 31, 2009. He seeks a reduction of his sentence on account of the recent Guidelines amendments reducing sentences for crack cocaine due to the Fair Sentencing Act of 2010.

Unfortunately for Mr. Gentles and other defendants sentenced before the recent changes to the crack/powder ratio, the new statute and new Guidelines do not help him. In <u>United States v. Butterworth</u>, No. 06-62-P-H, 2010 U.S. Dist. LEXIS 114589, at *1-2 (D. Me. Oct. 27, 2010), I ruled that the statute itself does not apply to those already sentenced. I now reach the same conclusion as to the impact of the November 1, 2010 Guidelines amendments, because the United States Sentencing Commission has not made those amendments retroactive. Federal sentencing law allows a court to modify an otherwise final sentence only in limited circumstances. One such instance is when the Sentencing Commission has subsequently lowered the defendant's guideline range, but only "if such a reduction is consistent with the applicable

policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The applicable policy statement, U.S.S.G. § 1B1.10, specifies those amendments that are to be applied retroactively, and it does not include the 2010 crack cocaine amendments. As a result, the amendments do not apply retroactively. See United States v. Lopez-Pineda, 55 F.3d 693, 697 n.3 (1st Cir. 1995) (guideline amendment not listed in U.S.S.G. § 1B1.10 may not be applied retroactively). Cf. Dillon v. United States, 130 S. Ct. 2683, 2688 (2010) ("*When the Commission makes a Guidelines amendment retroactive,* 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision") (emphasis added).

Therefore, the motion to reduce sentence is **DENIED**. Based on this ruling, I also **DENY** the motion to appoint counsel. Although I do not reduce his sentence, I do take note of the positive steps that Mr. Gentles has taken while in prison with respect to furthering his education and completing various vocational programs, and I congratulate him for these accomplishments.

**SO ORDERED.**

**DATED THIS 2ND DAY OF DECEMBER, 2010**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**