UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| LEROY GENTLES, | ) | |
| | ) | |
|     Movant | ) | |
| | ) | |
| v. | ) | 2:08-cr-00132-DBH |
| | ) | 2:11-cv-00311-DBH |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Leroy Gentles, who was convicted of four counts of distribution of cocaine base in violation of 21 U.S.C. § 841, has filed a motion pursuant to 28 U.S.C. § 2255 seeking to have this Court "vacate sentence, or grant a variant sentence based on the disparity between powder and crack cocaine and the new law of 18 to 1 instead of 100 to 1." (Mot. at 29, Case 2:08-cr-00132-DBH, Doc. No. 98.) The petition alleges five grounds for relief: (1) prosecutorial misconduct; (2) improper "vouching"; (3) erroneous admission of prior bad acts evidence; (4) unreasonable sentence; and (5) ineffective assistance of counsel because trial counsel failed: (a) to "argue the fact of [Gentles's] innocence" to the court or jury; (b) to argue "that the guidelines for crack offenses yield a sentence greater than necessary to achieve" the purposes of 18 U.S.C. § 3553; and (c) to request a "variant sentence based on the disparity between powder and crack cocaine." (Id. at 16.) I now recommend that the Court deny the motion and summarily dismiss the petition.

**RELEVANT PROCEDURAL HISTORY**

Following a jury trial Gentles was sentenced to sixty-four months of imprisonment. On direct appeal, Gentles raised four issues. See United States v. Gentles, 619 F.3d 75, 80-90 (1st Cir. 2010). First, he argued that his mistrial motion should have been granted because the

1

AUSA's statements during closing argument constituted prosecutorial misconduct that prejudiced the outcome of his trial. Id. at 80-81. Gentles's second claim on appeal was that the trial court improperly permitted the AUSA to "vouch" for the credibility of his witnesses when he (1) suggested the CIs were agents of the DEA, a fact Gentles asserted was not in evidence; (2) said of the cooperators' assistance: "I would consider that public service that they are getting paid for"; (3) contrasted the informants to Gentles, who was motivated by profit; and (4) argued that the letter immunity given the cooperators encouraged them to tell "the whole truth and nothing but the truth." Id. at 83-85. Gentles's third argument on appeal was that the trial court admitted evidence of prior bad acts, in violation of Rules 404(b) and 403 of the Federal Rules of Evidence. Id. at 86-88. Even if this issue had been preserved, the appellate court deemed it "undeniable that the evidence of Gentles's prior encounters with the CIs was especially relevant to the contested issue of identity—the sole issue at trial—particularly because the only witnesses who had face-to-face encounters with 'Junior' were the CIs." Id. at 87. Gentles's fourth claim was that his sentence was unreasonable because it was greater than necessary to achieve the purposes of 18 U.S.C. § 3553 and "erroneously adopted the ratio disparity between powder and crack cocaine that the Guidelines provide." Id. at 89. The appellate court noted that "the fact that the sentencing court chose to apply, rather than vary from, the GSR ratio is not a basis for reversal." Id. The appellate court also noted that the sentence imposed was actually advantageous to Gentles. The GSR provided for a sentencing range of fifty-seven to seventy months and the district court imposed a sixty-four month sentence, directly in the middle. Id. at 89-90.

While this petition was pending, on October 31, 2011, Gentles moved for a reduced sentence pursuant to the Fair Sentencing Act of 2010. (Docket No. 108.) On November 1, the

court reduced Gentles's sentence to 51 months. (Docket Nos. 105 & 107.) Gentles remains discontented with his sentence and has twice written to the Court pressing for an early decision on this motion. (See Doc. Nos. 113 & 116.) Part of Gentles's discontent appears to arise from the fact the United States apparently sent its timely response to the wrong address and Gentles did not receive it in a timely manner, even though it had been properly filed with the Court. He suspects some kind of chicanery and complains that "[t]his is an unfair practice and unprofessional of the Government." (Doc. No. 116 at 2.) In order to make sure that Gentles had every opportunity to reply to the Government's answer, I *sua sponte* extended Gentles's reply deadline. (Doc. No. 114.) He has now received a copy of the answer and has chosen not to file his substantive reply, only his letter complaining about the earlier error in mailing. I conclude that Gentles has not suffered any prejudice and that the Government promptly corrected the error in mailing as indicated by its correspondence with the Court. (Doc. No. 115.)

## DISCUSSION

The first four grounds of this section 2255 petition are easily dispatched. "[I]ssues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. §2255 motion." Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1994). The first four claims alleged in the section 2255 petition are identical to arguments raised and resolved against Gentles on direct appeal. This Court simply has no authority to revisit those issues that were definitively resolved during the course of the direct appeal.

The heart of Gentles's motion is his claim of ineffective assistance of trial counsel at trial and sentencing. With regard to Gentles's sixth amendment ineffective assistance claims, Strickland v. Washington, 466 U.S. 668 (1984), governs the resolution. In order to prevail, Gentles "must show that counsel's representation fell below an objective standard of

3

reasonableness" and that there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Moreno-Espada v. United States, 666 F.3d 60, 64 (1st Cir. 2012) (quoting Strickland, 466 U.S. at 688, 694). "A defendant's failure to satisfy one prong of the Strickland analysis obviates the need for a court to consider the remaining prong." Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir.2010). In this case the focus is on both the sentencing implications of counsel's performance and his performance at trial.

Gentles proceeded to trial, maintaining his innocence, which he continues to assert in the context of his section 2255 motion. (Mot. at 16.) His argument is that his attorney "did not argue in his behalf facts of his innocence, presumption of innocence, or reasonable doubt." (Id. at 20). Gentles's challenge to his counsel's failure to argue his innocence fails the first part of the Strickland test because the record shows that counsel never wavered in his arguments concerning his client's innocence. Both in cross-examining the Government's witnesses and in summation, he insisted that there was no evidence other than cooperators, whose motives were suspect, that the person known as "Junior" was Gentles. The question of the identity of the person known as "Junior" was the key to any hope of acquittal for Gentles. In light of what the appellate court described as "an abundance of independent evidence," see Gentles, 619 F.3d at 82, it is not surprising that counsel's arguments did not carry the day.

Within this first challenge to counsel's performance during the trial is the suggestion that he unreasonably failed to object to the jury instructions on reasonable doubt. Gentles, however, offers no plausible basis on which reasonably competent counsel could have objected to the charge. The reasonable doubt instruction amply described the required standard and did nothing to dilute the Government's burden of proof. Gentles's "gauzy generalities" regarding trial

4

counsel's performance failures do not warrant consideration.  David v. United States, 134 F.3d 470, 478 (1st Cir. 1998).  Gentles completely fails to offer even any alternatives as to how reasonably competent counsel would or should have proceeded in terms of arguing reasonable doubt or requesting different reasonable doubt jury instructions.  Gentles's trial counsel performed in a competent and professional manner in regard to these issues.

Gentles also claims that his sixth amendment rights were violated because defense counsel failed to argue that the Sentencing Guidelines, as applied to crack cocaine offenses, exceed what is needed to achieve the purposes of 18 U.S.C. § 3553 and because counsel failed to seek a variant sentence for that reason and because of the then-existing 100:1 ratio between crack and powder cocaine crimes.  Defense counsel did make a sentencing argument that focused on the § 3553(a) factors in arguing for a sentence below the guideline range.  Among the bases for a variance offered by counsel were the non-violent nature of the crime, Gentles's alleged intention to turn his life around, and his drug addiction.  Although Kimbrough v. United States, 552 U.S. 85 (2007), gave sentencing courts discretion to vary from the Guideline because of the disparate treatment of crack and powder cocaine and reasonably competent counsel would have known of that fact, nothing obligated a court to order such a variance even if asked to do so.  Counsel apparently picked those arguments he thought were the strongest, but the sentencing court declined to sentence outside the Guidelines, even though it clearly knew that it had the authority to do so.  Nevertheless, defense counsel did succeed in obtaining significant benefits at sentencing because the Court failed to include an additional 3.5 grams of cocaine seized from Gentles at the time of his arrest in 2008 in the drug quantity computations and the Court selected a sentence in the mid-range of the pertinent Guidelines, rather than at the top as requested by the Government.  (Sent. Tr. at 10, 16-18, Doc. No. 112.)

5

Ultimately, even if one were to conclude that reasonably competent trial counsel would have performed differently at the time of sentencing, it makes no difference because Gentles cannot satisfy the prejudice prong under Strickland. Gentles also cannot show prejudice from counsel's conduct because, although the Court initially imposed a sentence of 64 months, it subsequently applied the Fair Sentencing Act to reduce Gentles's sentence to 51 months precisely because the guideline ranges for crack cocaine offenses have been reduced. Gentles has received the very relief he requested in his motion in that he has been resentenced with due regard for the disparity between sentences for crack cocaine and powder cocaine. The record conclusively demonstrates that Gentles is not entitled to section 2255 relief and no evidentiary hearing is required for claims that are "inadequate on their face." Barrett v. United States, 965 F.2d 1184, 1195 (1st Cir. 1992).

## CONCLUSION

Based upon the foregoing, Gentles's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 should be summarily dismissed. I further recommend that a certificate of appealability should not issue in the event Gentles files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

March 13, 2012                    /s/ Margaret J. Kravchuk
                                  U.S. Magistrate Judge